UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Tsega Sharp,<br><br>       Plaintiff,<br><br> v.<br><br>City of Fargo, Fargo Cass Public Health, Cass County, Matthew Johnson, LPN, Tanner Coppin, RN, and Captain Andrew Frobig,<br><br>       Defendant. | Civil No.:<br><br>**COMPLAINT** |

## JURISDICTION

**[¶1]** This is a civil action for damages brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C §§ 1983 and 1988, to address violations of Plaintiff's constitutional rights resulting from Defendants' deliberate indifference to Plaintiff's serious medical condition, and for other negligence and wrongful actions under the State of North Dakota.

**[¶2]** This Court has subject matter jurisdiction over these claims pursuant to Article 3, Section 1 of the United States Constitution and 28 U.S.C. §§ 1331, 1332, and 1343, as well as supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1367. Plaintiff invokes the pendent jurisdiction of the Court to decide asserted state statutory and tortious act claims.

**[¶3]** Venue is properly established in this jurisdiction pursuant to 28 U.S.C. § 1391(b) because North Dakota is the judicial district in which the events and omissions giving rise to the claims occurred.

## PARTIES

[¶4]    The Plaintiff, Tsega Z. Sharp, at all relevant times to this action, was a 44 year-old Army veteran residing in Fargo, North Dakota.  Sharp is currently 46 years old and resides in Texas.

[¶5]    Defendant City of Fargo is a municipality located within the County of Cass, North Dakota.

[¶6]    Defendant Fargo Cass Public Health is a department of the City of Fargo.  Upon information and belief, at all times relevant to this action, Defendant Fargo Cass Public Health was responsible for providing medical care to inmates at the Cass County Jail.

[¶7]    Defendant Cass County is an incorporated governmental body organized under the existing laws of the State of North Dakota.  Cass County is charged by the laws of the State of North Dakota to maintain the Cass County Jail and is responsible for the conditions of confinement and the health and safety of persons incarcerated at the Cass County Jail.

[¶8]    Defendant Matt Johnson ("Johnson") is and was a Licensed Practical Nurse ("LPN"), acting under color of law, and at all times material herein was an employee and agent of Defendant Fargo Cass Public Health and/or the City of Fargo.

[¶9]    Defendant Tanner Coppin ("Coppin") is and was a Registered Nurse ("RN"), acted under color of law, and at all times material herein was an employee and agent of Defendant Fargo Cass Public Health and/or the City of Fargo.  Upon information and belief, Defendant Coppin was a nursing supervisor for the Cass County Jail.

[¶10]   Defendant Captain Andrew Frobig ("Frobig") is, and was at all times relevant to this action, the Jail Administrator of the Cass County Jail, acted under color of law, and in his

official capacity is and was responsible and had control of the day-to-day operations, custody, control, and charge of all inmates confined in the Cass County Jail.

## STATEMENT OF FACTS

[¶11]   On November 21, 2022, Plaintiff, Tsega Sharp was arrested by Fargo Police.

[¶12]   After being placed under arrest, arresting officers brought Sharp to the Essentia Health Emergency Department to be cleared due to complaints of suicidal ideation.

[¶13]   When asked by ER doctor Christopher Anderson what brought Sharp to the ER, Sharp responded that he had nausea.  Sharp later indicated to Dr. Anderson that he had abdominal pain.

[¶14]   Dr. Anderson assessed that Sharp's physical appearance, vital signs, and behavior were normal and discharged him to the custody of the police department for transport to Cass County Jail.

[¶15]   The Medical Clearance Form authored by Dr. Anderson indicated that "[i]f at any point [Sharp's] condition changes or a new medical concern develops, [Sharp] should be brought back to the Emergency Department immediately for further evaluation."

[¶16]   This Medical Clearance Form and the records from the encounter were sent to and received by the Cass County Jail on November 21, 2022.

[¶17]   Defendant Coppin's signature on the November 21, 2022 Essentia ER medical record confirm the Jail's receipt of the medical documentation as well as Defendant Coppin's personal knowledge of the medical opinion that Sharp should be brought back to the ER "immediately" if Sharp's "condition changes or a new medical concern develops."

[¶18]   Upon arrival at the Cass County Jail, Sharp submitted to an intake health screening. No medical concerns were documented, and Sharp was noted not to be under the

influence or to have a history of withdrawal symptoms. However, Sharp was placed on constant observation monitoring due to his report of suicidal ideation.

[¶19]   Although constant observation logs were completed by Cass County Jail staff, the care provided to Sharp as a result of observations made by Jail staff and/or requests for medical assistance made by Sharp were wholly lacking.

[¶20]   During rounds on November 24, 2022, Sharp was observed to be moaning, asking for help, stating that his and feet were "tense" and that he was spitting blood. Officer Mitchell Bowden's report confirms observing Sharp spit something red into the toilet but was unable to closely observe it.

[¶21]   A Health Service Request form was completed and dated November 24, 2022, detailing "Inmate Sharp is claiming hands and feet are tense[.] He is shaking, claimes [sic] that he feels like he is dying did spit a small amount of oral liquid possibly blood. And that he has cronic [sic] back pain."

[¶22]   Sharp required the assistance of jail staff to complete the Request Form because of pain to his hands which was causing his hands to shake.

[¶23]   Finally on November 28, 2022, Sharp was evaluated by Defendant Johnson in response to the Health Service Request Form prepared four days earlier.

[¶24]   Sharp informed Defendant Johnson he was shaking, experiencing pain in his hands, feet, and back, and had been having diarrhea.

[¶25]   Sharp denied that he was coming off of any drugs, consistent with the November 21 intake screening.

[¶26]   Defendant Johnson documented that Sharp was shaking to the point that he was unable to obtain vitals, was groaning, and that Sharp repeatedly stated that he needed to go to the hospital.

[¶27]   Defendant Johnson ignored Sharp's medical complaints, physical symptoms, and requests for transfer to a hospital for evaluation and treatment.

[¶28]   Defendant Johnson did not conduct a physical examination, did not obtain any vitals, and did not do any investigation into Sharp spitting up blood.

[¶29]   Defendant Johnson failed to conduct a reasonable and appropriate exam of Sharp, as required to meet the minimum nursing standard of care for a patient in Sharp's condition.

[¶30]   Defendant Johnson only advised that Sharp drink plenty of fluids and take over-the-counter Tylenol or ibuprofen, and Sharp was returned to his cell after Defendant Johnson terminated the medical visit.

[¶31]   Sharp was told to submit a "kite" (inmate health service request form) if his condition worsened.

[¶32]   The following day, November 29, 2022, Sharp submitted another Health Service Request Form.

[¶33]   In the November 29, 2022 Health Service Request Form, Sharp wrote that he wanted to "see the nurse to go to hospital." Sharp further noted that he was experiencing tingling in his fingers and that his blood pressure felt "weird." He again documented diarrhea, stating it had been occurring for three days.

[¶34]   Defendant Johnson reviewed Sharp's November 29, 2022 Health Service Request Form but declined to see Sharp, stating "Patient seen yesterday."

[¶35]   Defendant Johnson's refusal to provide medical care and treatment to Sharp on November 29, 2022 – directly ignoring his own advice to Sharp that he should submit a kite if the condition worsened – did not meet the minimum nursing standard of care for a patient in Sharp's condition.

[¶36]   On November 30, 2022, Defendant Coppin facilitated a telehealth visit with Sharp's psychiatrist and was able to directly Sharp's physical condition.

[¶37]   Sharp continued to experience pain and discomfort, and continued to verbally request medical attention.  Sharp did not submit any further Health Service Request Forms following the inappropriate denial of his last form by Defendant Johnson.

[¶38]   Sharp continued to be denied any further medical assessments or direct medical care.

[¶39]   During rounds on December 4, 2022, Sergeant Drechsel noted that Sharp had been complaining the entire weekend, requesting to go to the hospital, lying on his mat, and making crying and/or whining noises.  Sgt. Drechsel's report characterizes Sharp's behavior as "fake" and indicates that "Sharp is doing what he thinks he can do to make it so that he goes to the hospital, even though he is told that he isn't going."

[¶40]   On the morning of December 6, 2022, Cass County Jail staff conducted routine morning rounds and found Sharp sitting with his head in his hands, and requested medical staff to evaluate.

[¶41]   Defendant Coppin arrived and observed Sharp to be breathing heavily and moaning, lethargic, somnolent, and cachectic.  Sharp had abdominal pain and nausea, along with vomiting and diarrhea.  Sharp was able respond to questions and shake his head "yes" that he needed help.

**[¶42]** Defendant Coppin took Sharp's vitals at 7:30 a.m. which revealed an irregular pulse rhythm, low blood pressure, and a high respiration rate.

**[¶43]** Sharp was transported to the Sanford Emergency Department to be evaluated for "extreme lethargy, lower extremity swelling, diarrhea, not eating or drinking, tachypnea, hypotension, and low blood glucose."

**[¶44]** Upon arrival at the Sanford Emergency Department at 8:25 a.m. on December 6, 2022, Sharp was determined to be in critical condition and almost immediately sedated and intubated.

**[¶45]** Sharp was admitted medical ICU with the following diagnoses:

1. Sepsis with encephalopathy and septic shock, due to unspecified organism
2. Acute metabolic encephalopathy
3. Acute renal failure
4. Anemia
5. Hyperkalemia
6. Metabolic acidosis
7. Altered mental status
8. Vomiting and diarrhea
9. Hepatitis C virus infection without hepatic coma, unspecified chronicity
10. Elevated troponin level
11. Hypocalcemia

**[¶46]** During his hospitalization at Sanford, Sharp was initially intubated, sedated, receiving nutrition through an NG tube or PEG tube, and on mechanical ventilation via tracheostomy.

**[¶47]** Sharp was admitted in septic shock with respiratory failure due to endocarditis of his prosthetic bioprosthetic mitral valve. He developed lower extremity ischemia due to septic shock, and it was determined that he would ultimately require bilateral below-the-knee amputations.

[¶48]   Sharp was transferred from Sanford to the Minneapolis VA Hospital on January 17, 2023 for further evaluation.  He was later transferred to the University of Minnesota medical center on January 29, 2023 for ongoing care.  While hospitalized at the University of Minnesota medical center, Sharp underwent the following surgeries as part of his course of medical treatment:

1. Re-do sternotomy, replacement w/ bioprosthetic mitral and aortic valves on February 6, 2023
2. Bilateral below-the-knee amputations for dry gangrene on February 13, 2023

[¶49]   Subsequently, Sharp has required significant and ongoing medical care for his cardiac health, status as a bilateral amputee, and other medical issues.

[¶50]   Sharp has suffered significant and ongoing pain, suffering, inconvenience, emotional distress, and mental anguish.

[¶51]   Due to the seriousness of his medical condition, Sharp has little to no recollection of the events in Cass County Jail and the various medical facilities until several days after his amputation procedure.

[¶52]   The failure of Defendants to ensure compliance with the minimum standards established by North Dakota laws concerning medical care to detainees and operation of the Cass County Jail was intentional, grossly reckless, deliberately indifferent, proximately caused Sharp to suffer serious and irreversible injury, and deprived Sharp of his civil rights.

[¶53]   At all times relevant hereto, a "special relationship" within the meaning of N.D. Cent. Code § 32-12.1-03(g)(3) existed between Plaintiff Tsega Sharp and Defendants City of Fargo and Fargo Cass Public Health as well as their employees and agents Defendants Matthew Johnson and Tanner Coppin; and between Plaintiff Tsega Sharp and Defendants Cass County and its employee Defendant Captain Andrew Frobig.  Sharp was a pretrial detainee and was

under the direct total control of and was wholly dependent upon said Defendants for his hydration, nutrition, health, safety, medical care, and communications with anyone other than the Defendants. He was held by Defendants and denied the opportunity to arrange or obtain medical care with anyone other than the Defendants. By such conduct, Defendants assumed and were in fact responsible to act on behalf of Plaintiff Tsega Sharp and to safeguard his health and safety. Defendants knew and should have knows that their actions, omissions, refusal, and failure to perform said duties would and did result in Sharp's permanent injuries and prolonged suffering.

## COUNT ONE
## 42 U.S.C. § 1983
## AGAINST DEFENDANTS MATTHEW JOHNSON, LPN, AND TANNER COPPIN, RN

[¶54]   Paragraphs 1-53 are incorporated herein by reference as though fully set forth.

[¶55]   Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants Matt Johnson and Tanner Coppin for violation of his constitutional rights under color of law.

[¶56]   While an inmate at Cass County Jail, Plaintiff Sharp suffered from objectively serious medical issues.

[¶57]   Plaintiff Sharp reported his medical issues numerous times, and requested medical assistance numerous times. In addition to Plaintiff Sharp's verbal reports and requests for assistance, his physical symptoms were obvious and observable.

[¶58]   Defendants Johnson and Coppin were aware of Plaintiff Sharp's serious medical needs.

[¶59]   Defendants Johnson and Coppin deliberately disregarded Plaintiff Sharp's medical needs.

[¶60] As a direct and proximate result of the deliberate indifference to his medical needs, Plaintiff Tsega Sharp sustained significant permanent injury.

[¶61] The pain, suffering, emotional distress, mental anguish, medical expense, and other economic and non-economic damages suffered by Plaintiff Tsega Sharp were a direct and proximate result of the deliberate indifference to Sharp's medical needs by Defendants Johnson and Coppin.

## COUNT TWO
## 42 U.S.C. § 1983
## AGAINST DEFENDANTS CASS COUNTY AND CAPTAIN ANDREW FROBIG

[¶62] Paragraphs 1-61 are incorporated herein by reference as though fully set forth.

[¶63] Defendant Cass County had a duty to provide a safe and secure confinement for lawfully committed inmates or detainees in the Cass County Jail, in compliance with standards set forth by the North Dakota Century Code and the North Dakota Administrative Jail Rules.

[¶64] Defendant Captain Andrew Frobig, in his role as Administrator of the Cass County Jail, had a duty to ensure that all relevant standards were followed in order to ensure that inmates and detainees received a safe and secure confinement, without violation of their Constitutional rights.

[¶65] Defendant Frobig, as the Jail Administrator of the Cass County Jail, was responsible for ensuring that the Cass County Jail had the necessary and proper procedures to adequately and properly observe Cass County Jail inmates and detainees, to evaluate and properly respond to their medical conditions, and to provide immediate and adequate medical attention.

[¶66] Prior to Plaintiff Sharp's arrival at Cass County Jail, overcrowding was a significant and long-standing issue.

[¶67]   As a direct result of Cass County Jail being overcrowded and operating above capacity, a continuing, widespread, and persistent pattern of unconstitutional misconduct – specifically, lack of individualized inmate care and deliberate indifference to inmate medical needs – resulted.

[¶68]   Upon information and belief, Cass County Jail officials, including but not limited to Defendant Frobig in his capacity as Jail Administrator, were aware of the ongoing pattern of unconstitutional misconduct of jail staff failing to provide adequate medical care, and tacitly authorized and/or were deliberately indifferent to the same.

[¶69]   As a direct and proximate result of Defendants Cass County and Frobig's failure to address the custom of inadequate medical care to inmates in the overcrowded Cass County Jail, Plaintiff Tsega Sharp sustained significant permanent injury.

## COUNT THREE
## NEGLIGENCE
### AGAINST DEFENDANTS CITY OF FARGO, FARGO CASS PUBLIC HEALTH, AND CASS COUNTY

[¶70]   Paragraphs 1-69 are incorporated herein by reference as though fully set forth.

[¶71]   Defendants City of Fargo, Fargo Cass Public Health, and Cass County owed Plaintiff Tsega Sharp a duty of care including but not limited to employing adequately trained medical staff to provide services at the Cass County Jail, monitoring inmates, and providing legally sufficient medical care to individuals detained at the Cass County Jail.

[¶72]   Defendants breached their duty of care to Plaintiff Tsega Sharp, which resulted in serious and permanent bodily harm, pain and suffering, mental anguish, and other economic and non-economic damages.

## COUNT FOUR
## GROSS NEGLIGENCE
### AGAINST DEFENDANTS MATTHEW JOHNSON, LPN; TANNER COPPIN, RN; FARGO CASS PUBLIC HEALTH; CAPTAIN ANDREW FROBIG; AND CASS COUNTY

[¶73]   Paragraphs 1-72 are incorporated herein by reference as though fully set forth.

[¶74]   Defendants acted in reckless disregard in carrying out their duty to safeguard the health, safety, and well-being of Plaintiff Tsega Sharp while he was a pretrial detainee at Cass County Jail.

[¶75]   Defendants knew or should have know that serious injury would occur or that their failure to act would result in injury to Sharp.

[¶76]   Defendants' breach of their duty was a direct and proximate cause of Sharp's injuries and damages.

## COUNT FIVE
## MEDICAL MALPRACTICE
### AGAINST MATTHEW JOHNSON, LPN, TANNER COPPIN, RN, AND FARGO CASS PUBLIC HEALTH

[¶77]   Paragraphs 1-76 are incorporated herein by reference as though fully set forth.

[¶78]   A prima facie case of professional and medical negligence can be established by expert affidavit pursuant to N.D. Cent. Code § 28-01-46.

[¶79]   Correspondence in compliance with N.D. Cent. Code § 32-42-03 was sent by certified mail to Defendants on February 6, 2025.

[¶80]   At all times relevant to this action, Defendant Fargo Cass Public Health employed nurses and other health care providers and held them out to the public as competent and adequately trained to provide a generally accepted standard of care.

[¶81]   At all times relevant to this action, Defendant Fargo Cass Public Health was vicariously liable for the actions and/or inactions of its employees and agents.

**[¶82]** At all times relevant to this action, Defendant Fargo Cass Public Health was responsible for providing medical care to inmates and detainees at the Cass County Jail.

**[¶83]** Defendant Fargo Cass Public Health and its employees, Defendants Matthew Johnson, LPN and Tanner Coppin, RN, were negligent and violated the acceptable standards of care in the actions they took and/or failed to take regarding medical care for the Plaintiff Tsega Sharp while detained at the Cass County Jail.

**[¶84]** Defendants Matthew Johnson, LPN and Tanner Coppin, RN failed to provide sufficient medical care including but not limited to: failure to conduct adequate and thorough medical examinations, failure to evaluate and respond to complaints of new or worsening medical symptoms, and failure to initiate transport to a medical center for further evaluation.

**[¶85]** Defendants were responsible for other negligent and careless acts in the treatment and care of Sharp.

**[¶86]** The Defendants' departures from the standard of care were a direct and proximate result of Sharp's injuries, including but not limited the devastating and permanent amputation of both of his lower limbs on February 13, 2023.

**[¶87]** As a direct and proximate result of the Defendants' medical malpractice and negligence, Sharp suffered economic and non-economic damages including but not limited to: permanent disability, conscious pain and suffering, emotional distress, mental anguish, and medical expense.

**[¶88]** **WHEREFORE**, Plaintiff Tsega Sharp prays for judgment against Defendant City of Fargo, Fargo Cass Public Health, Matt Johnson, Tanner Coppin, Cass County, and Andrew Frobig, and requests the Court enter judgment as follows:

1. Award compensatory damages in excess of $75,000.00 to Plaintiff against the Defendants, jointly and severally;

2. Award a reasonable amount for past and future economic and non-economic damages to Plaintiff against the Defendants, jointly and severally;

3. Award costs of this action to the Plaintiff;

4. Pursuant to 42 U.S.C.A. § 1988, Plaintiff seeks an award of reasonable attorney's fees and costs incurred in bringing this action;

5. Interest.

6. Award such other and further relief as this Court may deem appropriate.

**A TRIAL BY JURY IS HEREBY DEMANDED.**

Dated this 13th day of February, 2025.

                                            O'KEEFFE O'BRIEN LYSON LTD.

                                            */s/ Timothy M. O'Keeffe*

                                            TIMOTHY O'KEEFFE (ND ID. #05636)
                                            720 Main Avenue
                                            Fargo, ND 58103
                                            Phone: (701) 235-8000
                                            Fax: (701) 235-8023
                                            tim@okeeffeattorneys.com